UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MARCUS I. SNELL, | |
| Petitioner, | |
| v. | CAUSE NO.: 3:20-CV-97-JD-MGG |
| WARDEN, | |
| Respondent. | |

OPINION AND ORDER

Marcus I. Snell, a prisoner without a lawyer, filed a habeas corpus petition challenging a disciplinary proceeding at Indiana State Prison (ISP 19-09-0062) in which he was found guilty of "interfering with count" in violation of disciplinary offense B-251. (ECF 1.) He was sanctioned with the loss of 90 days of earned-time credits. (*Id.* at 1.)

The charge was initiated on August 31, 2019, when Officer B. Stovall wrote a conduct report stating as follows:

> On 08-31-19 at approx. 1:45 pm CCH cell house bell was rung and "time to secure["] was announced over the PA system. At approx. 2:00 pm I Ofc. B. Stovall finished securing and was counting 200 East when I noticed Offender Marcus I. Snell DOC #158292 Cell 221 East was not in his cell but was on the phone. When asked to get off the phone and secure because it was count time he then stated "fuck count time." At approx. 2:16 pm Sgt Winn went to 200 East range to instruct Offender Snell #158292 to secure in his cell. He then ignored all orders and continued to talk to another offender. I Ofc. Stovall then escorted Offender Snell 158292 into his cell and secured him at 2:24 p.m.

(ECF 8-1).

On September 10, 2019, Mr. Snell was formally notified of the charge. (ECF 8-2.) He pled not guilty, and requested witness statements from fellow inmates Knight and Miles (first names unknown), who he said would attest "that he was not interfering with count." (*Id.*) He also requested video evidence, stating that "the camera will show that no officers approached him to have him get off the phone or secure for count. The sgt [sic] came after he was already off the phone and on his range. Other offenders were also out." (*Id.*) Statements were obtained from the two witnesses he requested. Inmate Knight stated: "I wasn't even in my cell. I didn't see him by phones or hear him say that." (ECF 8-4.) Inmate Miles, in turn, stated: "I didn't see him interfere with count." (ECF 8-5.) The hearing officer also searched for video evidence, but concluded that "[t]here is no camera angle to view offender phones in CCH." (ECF 8-6.)

On September 30, 2019, the hearing officer held a hearing on the charge. (ECF 8-3.) Mr. Snell made the following statement in his defense: "I was never escorted to my cell from the phones. I wasn't on the phone during count time. I talked to the officer and he said he could of [sic] made a mistake." (*Id.*) Based on the evidence, the hearing officer found him guilty. (*Id.*) The hearing officer imposed a temporary commissary restriction and a previously suspended sanction of 90 days of earned-time credits from another disciplinary case. (*Id.*) Mr. Snell filed administrative appeals, but they were denied. (ECF 8-7; ECF 8-8.) He then filed this petition. (ECF 1.)

When prisoners lose earned-time credits in a disciplinary proceeding, the Fourteenth Amendment Due Process Clause guarantees them certain procedural

2

protections: (1) at least 24 hours advance written notice of the charge; (2) an opportunity to be heard by an impartial decisionmaker; (3) an opportunity to call witnesses and present documentary evidence when consistent with institutional safety and correctional goals; and (4) a written statement by the decisionmaker of the evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539 (1974). To satisfy due process, there also must be "some evidence" to support the hearing officer's decision. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

Mr. Snell first claims that he was denied evidence.[1] (ECF 1 at 2.) The full panoply of rights available at a criminal trial are not applicable in the prison disciplinary context, and inmates have no general right to "confront and cross examine adverse witnesses." *Rasheed-Bey v. Duckworth*, 969 F.2d 357, 361 (7th Cir. 1992). Nevertheless, an inmate does have a right to request and present evidence when consistent with institutional safety and correctional goals. *Wolff*, 418 U.S. at 564.

At screening, Mr. Snell requested a witness statement from inmates Knight and Miles and a review of the surveillance video to show that no officer had approached him when he was on the phone. (ECF 8-2.) The hearing officer obtained the witness statements and also searched for video evidence, but determined that there was none available. (ECF 8-4; ECF 8-5; ECF 8-6.) He has not shown that he was denied any of the

---

[1] The court notes that by operation of N.D. IND. L.R. 47-2, Mr. Snell was required to file his traverse by June 29, 2020. None was received by that deadline. Out of an abundance of caution, the court reset the deadline to August 17, 2020. (ECF 9.) That deadline passed nearly 60 days ago and no traverse has been filed.

evidence he requested at screening. Mr. Snell now claims that he also wanted video evidence showing that he was not escorted to his cell at 2:24 p.m. (ECF 1 at 2.) There is no record of him having made such a request prior to the hearing, and the hearing officer cannot be faulted for failing to consider evidence he did not properly request. *Sweeney v. Parke*, 113 F.3d 716, 720 n.5 (7th Cir. 1997); *see also Miller v. Duckworth*, 963 F.2d 1002, 1005 n.2 (7th Cir. 1992) (observing that a "prisoner certainly cannot wait until the day of the hearing to make such requests").

In any event, Mr. Snell only had a right to this evidence if it was exculpatory. *Rasheed-Bey*, 969 F.2d at 361; *see also Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003) (harmless error analysis applies to prison disciplinary proceedings). "Exculpatory" in this context means evidence that "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt." *Meeks v. McBride*, 81 F.3d 717, 720 (7th Cir. 1996). Evidence about whether he was or was not escorted to his cell at 2:24 p.m. would not directly undercut the evidence that he ignored the announcement at 1:45 p.m. and cursed at the officer at 2:00 p.m. when the officer told him to get off the phone. Based on the record, he has not established a due process violation.

Mr. Snell may also be challenging the sufficiency of the evidence. (ECF 1 at 2.) To satisfy due process, there only needs to be "some evidence" to support the hearing officer's decision. *Hill*, 472 U.S. at 455. As the Seventh Circuit has explained:

> This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary.

4

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). A conduct report alone can be sufficient evidence to support a finding of guilt. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). Likewise, circumstantial evidence can be sufficient to satisfy the "some evidence" test. *Meeks*, 81 F.3d at 721.

Mr. Snell was found guilty of offense B-251, defined as "[f]ailing to stand count, being late for count, or interfering with the taking of the count." Indiana Department of Correction Disciplinary Code for Adult Offenders, Policy & Admin. Proc. No. 02-04-101, App'x I (eff. June 1, 2015). The conduct report provides sufficient evidence that Mr. Snell interfered with the taking of count. According to Officer Stovall's account, Mr. Snell did not heed the announcement made over the intercom, and then cursed at the officer and failed to comply when the officer told him to get off the phone because it was count time. Although Mr. Snell complains that the conduct report is "uncorroborated," due process does not require independent corroboration of a conduct report to find an inmate guilty. *See Hill*, 472 U.S. at 455; *McPherson*, 188 F.3d at 786. The hearing officer was entitled to weigh the conflicting evidence and decide whose account was more credible, and it is not the province of this court to make its own determination of guilt or innocence. *Webb*, 224 F.3d at 652. He has not established a due process violation.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment in this case.

SO ORDERED on October 19, 2020

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT